UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

CHARLES NAVARRO and TAMMY HELLINGS,
Individuals and as Beneficiaries to TRUST #2422,
AN ILLINOIS LAND TRUST CREATED BY
MUNICIPAL TRUST & SAVINGS BANK,                    Case No.: 2:17-cv-2267

    Plaintiffs,

    v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

    Defendant.

### TRAVELERS' ANSWER AND AFFIRMATIVE DEFENSES
### TO COUNT I OF PLAINTIFFS' COMPLAINT

NOW COMES Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA (hereinafter "Travelers") by and through its counsel, Foran Glennon Palandech Ponzi & Rudloff PC, and for its Answer AND Affirmative Defenses to Count I of Plaintiffs', CHARLES NAVARRO and TAMMY HELLINGS, Individuals and as Beneficiaries to TRUST #2422, AN ILLINOIS LAND TRUST CREATED BY MUNICIPAL TRUST & SAVINGS BANK (hereinafter "Plaintiffs"), Complaint at Law, states as follows:

### COUNT I
### (Breach of Contract)

1.    At all times relevant, plaintiffs were the beneficiaries to Illinois Land Trust #2422 for which Municipal Trust & Savings Bank is the Trustee concerning real and personal property located at 710 W. Broadway Street, Bradley, Illinois located within Kankakee County, Illinois ("the insured premises").

**ANSWER**:    Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 1, and the same, therefore, are denied.

2. Plaintiffs as beneficiaries have the real interest in the insurance policy and were responsible for managing and operating the business located therein.

**ANSWER**: Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 2, and the same, therefore, are denied.

3. Defendant Travelers is a citizen of Connecticut as it is incorporated, and has its principle place of business in Connecticut and is engaged in the business of underwriting and issuing property and casualty policies to business owners.

**ANSWER**: Travelers admits the allegations of Paragraph No. 3.

4. Travelers issued to plaintiffs a Business Owner's Policy "Custom Insurance Policy") (Policy No. 680-9D54746A-16-42) for the period December 21, 2016 through December 21, 2017 ("the Policy"). Attached as Exhibit "A" is a true and accurate copy of the Policy.

**ANSWER**: Travelers admits that it issued to Named Insured Municipal Trust & Savings Bank as Trustee under Trust #2422 C/O Charles Navarro, Business Owner's Policy Number 680-9D54746A-16-42 for the period December 21, 2016 through December 21, 2017 (the "Policy"). Travelers denies that a true and accurate copy of the Policy is attached to the Complaint as Exhibit "A." Travelers denies the remaining allegations of Paragraph No. 4.

5. Under the Policy, Travelers insured Plaintiffs against risks of direct and physical loss to the building, including direct physical loss or physical damage caused by other perils.

**ANSWER**: In answering this and other allegations in the Complaint which reference the "building," Travelers assumes that Plaintiffs are referring to the building located at 710 W. Broadway Street, Bradley, Illinois. Travelers admits that under the Policy it insured Named Insured Municipal Trust & Savings Bank as Trustee under Trust #2422 C/O Charles Navarro against risks of direct physical loss or damage to Covered Property, including the building, caused by or resulting from a Covered Cause of Loss, subject to all terms and conditions of the Policy. Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 5 related to the Plaintiffs' rights under the Policy, and the same, therefore, are denied.

6. The building is a single-story slab-on-grade structure with a mezzanine in the rear comprising approximate 17,856 square feet. The center roof structure is framed with bowstring trusses with flat roof sections flanking each side as well as a flat roof section in the rear of the building over the mezzanine.

**ANSWER**: Travelers admits the allegations of Paragraph No. 6.

7. In early August 2017, while the Policy was in full force and effect, a wind storm caused the ceiling framing attached to the bottom of the truss to crack, which in turn caused severe damage to the building and its interior ("the Loss").

**ANSWER**: Travelers denies the allegations of Paragraph No. 7.

8. Plaintiffs duly submitted a claim, Number FBC4959 ("the Claim") to Travelers under the Policy for its covered losses and damages.

**ANSWER**: Travelers admits that Plaintiffs submitted a claim to Travelers under the Policy in connection with alleged wind storm damage to the building (the "Claim"), and that Travelers assigned number FBC4959 to the Claim. Travelers denies the remaining allegations of Paragraph No. 8.

9. The Policy denotes $2 million as its "occurrence limit".

**ANSWER**: Travelers admits that the Policy contains a $2 million limit for Commercial General Liability Coverage, but denies that the referenced limit applies to the property coverage associated with the Claim.

10. Plaintiff has performed all conditions required by the Policy to be performed, including but not limited to, giving prompt notice of the loss to Travelers and cooperating with Travelers in its investigation of the Claim.

**ANSWER**: Travelers denies the allegations of Paragraph No. 10.

11. As a result, it is Travelers' duty to pay for the entire amount due under the insurance policy for the covered losses and damages sustained by plaintiffs.

**ANSWER**: Travelers denies the allegations of Paragraph No. 11.

12. Plaintiff's damages are estimated to be in excess of $300,000 to repair the damages.

**ANSWER**: Travelers lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 12, and the same, therefore, are denied.

13. Travelers' denied plaintiff's claim in a letter dated October 3, 2017 attached hereto as Exhibit "B".

**ANSWER**: Travelers admits the allegations of Paragraph No. 13.

14. Traveler's denial was wrongful and as such constitutes a breach under the Policy.

**ANSWER**: Travelers denies the allegations of Paragraph No. 14, including specifically that Travelers breached the Policy with respect to the Claim.

15. Travelers' breach of the Policy was and is the direct and proximate cause of damages to the plaintiffs.

**ANSWER**: Travelers denies the allegations of Paragraph No. 15, including specifically that Travelers breached the Policy with respect to the Claim or that any conduct of Travelers was and is the direct and proximate cause of damages to the Plaintiffs.

16. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiffs are entitled to prejudgment interest.

**ANSWER**: Travelers admits the existence of the Illinois Interest Act, and denies all allegations of Paragraph No. 16 that are inconsistent therewith, and specifically denies that Plaintiffs are entitled to any prejudgment interest from Travelers in this action.

### COUNT II
### SECTION 155 RELIEF

[The allegations of this Count are the subject of Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, filed simultaneously with this Answer].

### AFFIRMATIVE DEFENSES

NOW COMES Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers"), by and through its attorneys, and for its Affirmative Defenses to the Complaint, states as follows. By alleging these "Affirmative Defense," Travelers does not assume

any burdens of proof or production not otherwise imposed by law. Travelers reserves the right to supplement, amend, modify, add or delete defenses as further information is developed in discovery.

**FIRST AFFIRMATIVE DEFENSE**

1. The Policy contains the following provisions in the Businessowners Property Coverage Special Form MP T1 02 02 05 and the Fungus, Wet Rot, Dry Rot and Other Causes of Loss Changes Endorsement:

> **5. Limitations**
>
> **a.** We will not pay for loss of or damage to:
>
> **(1)** The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>
> **(a)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
>
> **(b)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.
>
> \* \* \*
>
> **B. EXCLUSIONS**
>
> **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any other sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> \* \* \*

    **2.** We will not pay for loss or damage caused by or resulting from any of the following:

        \* \* \*

    **d.** **(1)** Wear and tear;

        **(2)** Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

        \* \* \*

        **(4)** Settling, cracking, shrinking or expansion;

        \* \* \*

    But if an excluded cause of loss that is listed in Paragraphs (1) through (8) above results in a "specified cause of loss", building glass breakage or "breakdown" to "covered equipment" (only if otherwise a Covered Cause of Loss), we will pay for the loss or damage caused by that "specified cause of loss", building glass breakage or "breakdown" to "covered equipment" (only if otherwise a Covered Cause of Loss)

        \* \* \*

    **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

        \* \* \*

### ENDORSEMENT - FUNGUS, WET ROT, DRY ROT AND OTHER CAUSES OF LOSS CHANGES

**B.** The EXCLUSIONS contained in Section **B**. of the BUSINESSOWNERS PROPERTY COVERAGE FORM are amended as follows:

    **1.** The following exclusion is added to **B.1**.:

    **"Fungus", Wet Rot or Dry Rot**
        **a.** We will not pay for loss or damage, or any increase in the amount of loss or damage, caused directly or

> indirectly by or resulting from the presence, growth, proliferation, spread or any activity of "fungus", wet rot or dry rot.
>
> But if "fungus", wet rot or dry rot results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".
>
> This exclusion does not apply:
>
> **(1)** When "fungus", wet rot or dry rot results from fire or lightning; or
>
> **(2)** To the extent that coverage is provided in the Additional Coverage – Limited "Fungus", Wet Rot or Dry Rot in Section **C.1.** below of this endorsement with respect to loss or damage by a cause of loss other than fire or lightning.

   **2.** The exclusions contained in **B.2**. are amended as follows:

   **a**. Under exclusion **B.2.d.(2)**, reference to fungus, wet rot or dry rot, mold is deleted.

   **b.** Exclusion **B.2.f.** is deleted and replaced by the following:

   > We will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

2. Plaintiffs' Claim is subject to and barred, in whole or in part, by these Limitations and Exclusions.

3. Plaintiffs' Complaint alleges that a wind storm caused the ceiling framing attached to the bottom of the truss to crack, which in turn caused severe damage to the building and its interior. There is no evidence of windstorm damage and "cracking" is an excluded cause of loss.

7

2:17-cv-02267-CSB-EIL    # 5    Page 8 of 15

4. No damage to the interior of the building or to personal property in the building occurred as a result of the building first sustaining damage by a Covered Cause of Loss to its roof or walls through which rain, snow, sleet, ice, sand or dust entered.

5. Inspection of the building revealed that the claimed damage occurred as a result of wear and tear, deterioration, settling, cracking, wet or dry rot, hidden or latent defect, and/or continuous or repeated seepage or leakage of water or the presence of moisture over a period of 14 days or more, which are excluded perils in the Policy.

## SECOND AFFIRMATIVE DEFENSE

6. The Policy contains the following provisions:

> **B. EXCLUSIONS**
>
> **3.** We will not pay for loss or damage caused by or resulting from any of the following under Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs **a.** and **b.** below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.
>
> * * *
>
> **c.** Faulty, inadequate or defective:
>
> * * *
>
> **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> **(3)** Materials used in repair, construction, renovation or remodeling; or
>
> **(4)** Maintenance;
>
> of part or all of any property on or off the described premises.

8

> If an excluded cause of loss that is listed in Paragraphs **(1)** through **(4)** above results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss. But we will not pay for:
>
> **(1)** Any cost of correcting or making good the fault, inadequacy or defect itself, including any cost incurred to tear down, tear out, repair or replace any part of any property to correct the fault, inadequacy or defect; or
>
> **(2)** Any resulting loss or damage by a Covered Cause of Loss to the property that has the fault, inadequacy or defect until the fault, inadequacy or defect is corrected.

7. Plaintiffs' Claim is subject to and barred, in whole or in part, by these Exclusions.

8. The largest rooftop air-conditioning unit is located at the center of the bow truss of the roof structure at the highest point.

9. To the extent that the weight of this air-conditioning unit contributed to the property damage that is the subject of the Claim, this is not a covered loss as faulty, inadequate or defective design, construction, materials, and/or maintenance are excluded perils in the Policy.

### THIRD AFFIRMATIVE DEFENSE

10. The Policy contains the following provisions regarding vacancy:

    **5. Limitations**

    > **d.** We will not pay for any loss or damage caused by any of the following, even if they are Covered Causes of Loss, if the building where loss or damage occurs has been "vacant" for more than 60 consecutive days before that loss or damage occurs:
    >
    > **(4)** Discharge or leakage of water;

    **G. PROPERTY DEFINITIONS**

    **30. "Vacant"** means the following:

> **(1)** When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.
>
> **(2)** When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:
>
>> **(a)** Rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations; or
>>
>> **(b)** Used by the building owner to conduct customary operations.

11. Plaintiffs' Claim is subject to and barred by this Limitation.

12. The building was "vacant" for more than 60 days as of the time of the claimed loss, because the fitness center occupying the building closed for business in March of 2016 and the Complaint alleges that the claimed damage to the building occurred in early August of 2017.

13. To the extent the claimed damages are due to water leaks, there is no coverage.

14. To the extent the claimed damages are due to any Covered Cause of Loss, the amount Travelers would be otherwise obligated to pay must be reduced by 15% because the building was "vacant" as defined in the Policy.

## **FOURTH AFFIRMATIVE DEFENSE**

15. The Policy contains the following provisions regarding required notice of loss or damage:

> **E. PROPERTY LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common Policy Conditions:

> **3. Duties in the Event of Loss or Damage**
>
> > **a.** You must see that the following are done in the event of loss or damage to Covered Property:
> >
> > > **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.
> > >
> > > **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

16. Plaintiffs are precluded from recovering for the loss described in the Complaint due to their failure to comply with these notice requirements.

17. Notice of the loss was first provided to Travelers on August 14, 2017.

18. The investigation of the loss revealed that notice of loss was not "prompt". The building had been experiencing long term water infiltration which was known to the insured or the insured's representatives no later than June, 2017. The failure to timely report the damages is a breach of the "prompt" notice requirement of the Policy.

## FIFTH AFFIRMATIVE DEFENSE

19. The Policy contains the following provisions:

> **E. PROPERTY LOSS CONDITIONS**
>
> > The following conditions apply in addition to the Common Policy Conditions:
> >
> > **3. Duties in the Event of Loss or Damage**
> >
> > > **a.** You must see that the following are done in the event of loss or damage to Covered Property:
> > >
> > > > **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a

11

> Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
>
> **B. EXCLUSIONS**
>
> **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any other sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> **h. Neglect**
>
> Neglect of an insured to use reasonable means to save and preserve property from further damage at and after the time of loss.

20. Plaintiffs are precluded from recovering for the loss described in the Complaint due to their neglect of the property.

21. Plaintiffs were aware of long-term, progressive roof damage and water leaking issues as evidenced by earlier roof and building interior damage and repairs, the presence of containers used to catch water leaking from the roof, and water stains on ceilings and water streaks on walls at numerous locations in different rooms of the building.

22. Plaintiffs failed to take reasonable steps to protect the roof and building from further damage, and that failure resulted in or exacerbated the damage that is the subject of Plaintiffs' Complaint.

23. Plaintiffs are precluded from recovering for the loss described in the Complaint because it was caused by the Plaintiffs' neglect of the property and their failure to use reasonable means to save and preserve the building from further damage at and after the time of loss.

### SEVENTH AFFIRMATIVE DEFENSE

24. The Policy contains the following provisions:

> **F. COMMERCIAL PROPERTY CONDITIONS**
>
> **3. Legal Action Against Us**
>
> No one may bring a legal action against us under this Coverage Form unless:
>
> **a.** There has been full compliance with all of the terms of this Coverage Form; and
>
> **b.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

25. Plaintiffs are precluded from bringing this legal action against Travelers in connection with the Claim due to Plaintiffs' failure to comply with the conditions precedent.

26. As alleged above, Plaintiffs have not complied with all of the terms of the Businessowners Property Coverage Special Form MP T1 02 02 05.

27. In addition, to the extent that Plaintiffs have failed to bring this action within 2 years after the date on which direct physical loss or damage occurred, the action is time barred.

### EIGHTH AFFIRMATIVE DEFENSE

28. The Policy contains the following deductible:

> Businessowners Property Coverage:      $5,000 per occurrence

29. Recovery for Plaintiff's Claim is subject to and limited by this deductible.

### NINTH AFFIRMATIVE DEFENSE

30. The Policy contains the following provision(s):

> **(b)** We will not pay on a replacement cost basis for any loss or damage:
>
> **(i)** Until the lost or damaged property is actually repaired or replaced; and

13

        **(ii)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

31.    Plaintiff has not repaired or replaced the allegedly damaged property.

32.    Plaintiff is not entitled to recover on a replacement cost basis due to its failure to comply with the foregoing conditions precedent to recovering on a replacement cost basis.

WHEREFORE, Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, requests judgment in its favor and against Plaintiffs, and for such other relief as the Court deems just and equitable.

## JURY DEMAND

Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, by its counsel, demands trial by jury on all issues triable of right to a jury.

Respectfully submitted,

/s/Matthew S. Ponzi
Matthew S. Ponzi (mponzi@fgppr.com)
Thomas S. Gozdziak (tgozdziak@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
Tel: (312) 863-5000
Fax: (312) 863-5099

Attorneys for Defendant
*Travelers Casualty Insurance Company of America*

## CERTIFICATE OF SERVICE

      I hereby certify that November 22, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  I further hereby certify that I mailed by United States Postal Service First Class Mail and by electronic mail the foregoing document to the following non-registered participants:

**Attorneys for Plaintiffs**
Anthony J. Bruozas
Anthony Bruozas & Associates PC
200 Court Street, Suite 700
Kankakee, Illinois 60901
Tel: (708) 370-0769
Fax: (708) 827-0419
bruozaslaw@gmail.com

    /s/Matthew S. Ponzi
Matthew S. Ponzi (mponzi@fgppr.com)
Thomas S. Gozdziak (tgozdziak@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
Tel: (312) 863-5000
Fax: (312) 863-5099

Attorneys for Defendant
*Travelers Casualty Insurance Company of America*